FRANK PFEFFER, an Infant, by HARRY PFEFFER, His Guardian ad Litem, Appellant, v. TRECKO REALTY Co., INC., Respondent.— Judgment reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event, upon the ground that plaintiff made out a *prima facie* case for submission to the jury. Lazansky, P. J., Young, Kapper, Scudder and Davis, JJ., concur

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEE McCANLISS, Respondent, v. IRENE McCANLISS, Appellant.— Final order awarding custody of child to the relator reversed upon the law and the facts, with ten dollars costs and disbursements on the appeal and the disbursements of the hearing to the appellant; and in the exercise of discretion the custody of the child is awarded to appellant, with the right of the relator to have the custody on Sunday of each week and during the month of July in each year, or on such other day or during such other month as the parties may agree. All findings of fact and conclusions of law are reversed as unnecessary, except finding of fact XLIX, which reads: " That the best interest of the child Douglas McCanliss makes it imperative that he be in the sole custody of the relator, Lee McCanliss, free from any control by the defendant, Irene McCanliss," which is reversed as against the weight of the evidence; and except conclusion of law II, which reads: " That the petition of the relator should be granted and the sole and exclusive custody of the child awarded to his father, the relator, free from any control by the defendant," which is reversed since it is not sustained by the weight of the credible evidence. In our opinion the proof in the case does not show that the defendant is not a fit person to have the custody of the child, whose age at the commencement of the proceeding was four years and two months; and in the exercise of discretion, addressing ourselves solely to the best interests of the child, we find that the mother is a fit and proper person to have its care and custody. The father, nevertheless, should not be denied an opportunity of some contact with the child, free and separate from the control of the mother. In our opinion there should be a trial of the annulment suit at the earliest possible date, that there may be a final determination of the differences between the parties. Lazansky, P. J., Kapper, Carswell and Scudder, JJ., concur; Davis, J., dissents in memorandum as follows: I agree that the findings should be reversed as unnecessary. My view is that the principal issue lies between the testimony of the husband and wife on the question of fitness. The justice at Special Term saw and heard them. Evidently he did not regard the wife as truthful. Neither do I. Her attitude and testimony, together with the background furnished by her, indicate that giving the custody of the child to her would not be conducive to the best interests of the child. On the other hand, the father is by education, training and character, a proper custodian. Therefore, I favor affirmance.